IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENDRICK FRAZIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 26-CV-00628-DWD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

**DUGAN, District Judge:**

Now before the Court is the Government's Motion for Order Authorizing Criminal Defense Attorney to Provide Written Response and Motion for Extension of Time.

On July 29, 2026, the Court directed the Government to file a response to Petitioner's Section 2255 motion (Doc. 2). By its Motion dated September 1, 2026, the Government now seeks an order authorizing Petitioner's criminal defense attorney, Vadim Glozman to provide a response to Petitioner's allegations of ineffective assistance of counsel (Doc. 3). The Government also seeks an extension of its current response deadline to allow for Attorney Glozman to prepare an affidavit should the Court find a response appropriate.

Generally, when a habeas petitioner files a Section 2255 Motion raising claims of ineffective assistance of counsel, this filing suggests a waiver of petitioner's attorney-client privileges. See, e.g., *Bittaker v. Woodford*, 331 F.3d 715, 71617 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of

ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.").

Because Attorney Glozman's response may include communications ordinarily protected from disclosure by the attorney-client privilege, the Court will first allow Petitioner an opportunity to respond to the Governments Motion to ensure Petitioner knowingly intended to invoke the waiver of his attorney-client privilege by filing his Section 2255 Motion. Indeed, Petitioner is informed that a waiver of his attorney-client privileges here may result in communications between Petitioner and his criminal defense attorney being disclosed to the Government and the Court.

Petitioner is therefore **DIRECTED** to file any objections to the Government's Motion (Doc. 3) by October 1, 2026. If no objections are received by this deadline, the Court will construe Petitioner's silence as a waiver of his attorney-client privileges concerning communications related to the claims of ineffective assistance of counsel at issue in his Motion. Alternatively, if Petitioner files an objection to this disclosure, it may prohibit his ability to bring an ineffective assistance of counsel claim. Thus, if Petitioner files an objection, he should also indicate in his filing whether he still intends to pursue the ineffective assistance of counsel claims in his Motion.

The Government's motion for extension of time is also **GRANTED** for good cause. The Government shall file its response to Petitioner's 2255 Motion by November 27, 2026. Petitioner may file a reply by December 27, 2023.

**SO ORDERED.**

Dated: September 1, 2026

Judge Dugan

Digitally signed by Judge Dugan
Date: 2026.09.01 18:43:53 -05'00'

DAVID W. DUGAN
United States District Judge